UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | |
| v. | | Case No. 17-40011-JPG |
| DEREK L. SUMPTER, | | |
| Defendant. | | |

## MEMORANDUM AND ORDER

This matter comes before the Court on a Motion for Compassionate Release. (Doc. 618). The Defendant filed his Motion on October 30, 2023. Being duly advised in the premises having fully considered the issues and arguments raised, the Court **DENIES** the Motion.

### I.   BACKGROUND

Derek Sumpter pled guilty to Conspiracy to Distribute Methamphetamine on December 18, 2017. (Doc. 277). Sumpter is currently serving a 188-month sentence.

On October 30, 2023, Sumpter filed his motion for compassionate release. In that motion, Sumpter states that he should be given compassionate release because he is the father of four children, prison conditions are inadequate, he has rehabilitated and maintained good conduct in prison, his plans after prison, changes in law, and the risk of COVID-19. The Government has filed a response opposing the motion. (Doc. 646).

### II.   LEGAL STANDARD

The First Step Act expanded the sentence reduction provisions[1] of § 3582(c)(1)(A) by

---

[1] The reduction provisions are often referred to as "compassionate release" because historically the grounds for reduction have included the defendant's health and/or age as "extraordinary and

opening the door for a defendant to move for a reduction rather than only allowing the Director

of the Bureau of Prisons ("BOP") to so move. First Step Act, § 603(b)(1) (codified at 18 U.S.C.

§ 3582(c)(1)(A)); *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020). The relevant

portion of the law provides:

> **(c) Modification of an imposed term of imprisonment.**—The court may not
> modify a term of imprisonment once it has been imposed except that—
>> (1) in any case—
>>> (A) the court . . . after considering the factors set forth in section
>>> 3553(a) to the extent that they are applicable, if it finds that—
>>>> (i) extraordinary and compelling reasons warrant such a
>>>> reduction. . .
>>> and that such a reduction is consistent with applicable policy
>>> statements issued by the Sentencing Commission. . . .

18 U.S.C. § 3582(c)(1)(A). The final clause of § 3582(c)(1)(A) requires the Court to consider

whether a sentence reduction would be consistent with U.S.S.G. § 1B1.13 (2023) (effective Nov.

1, 2023), the policy statement applicable to motions filed by the BOP Director or the defendant.

That policy statement adds the provision that the defendant must not be a danger to the safety of

any other person or to the community. U.S.S.G. § 1B1.13(a)(2).[2] The policy statement further

defines "extraordinary and compelling reasons" to include, alone or in combination, as relevant

for this case:

> (1) MEDICAL CIRCUMSTANCES OF THE DEFENDANT.—
>> . . . .
>> (B) The defendant is—
>>> (i) suffering from a serious physical or medical
>>> condition,
>>> . . . .
>>> that substantially diminishes the ability of the
>>> defendant to provide self-care within the

---

compelling reasons" for immediate release.  Release was called "compassionate" because it was
viewed as showing sympathy for an ailing or aged defendant.

[2] This provision is similar, but not identical, to 18 U.S.C. § 3553(a)(2)(C), which requires the
Court to consider the need for the sentence "to protect the public from further crimes of the
defendant."

environment of a correctional facility and from which he or she is not expected to recover.

(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

(D) The defendant presents the following circumstances—

(i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

(ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and (iii) such risk cannot be adequately mitigated in a timely manner.

. . . .

(3) Family Circumstances of the Defendant.—

(A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

(B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

(D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual.  For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

. . . .

(5) Other Reasons.—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

(6) UNUSUALLY LONG SENTENCE.—If a defendant received an unusually long sentence and has served at least 10 years of the term of

3

imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

(c) LIMITATION ON CHANGES IN LAW.—Except [in cases of an "unusually long sentence"], a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

(d) REHABILITATION OF THE DEFENDANT.—Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

U.S.S.G. § 1B1.13(b) (2023).

For a defendant to be eligible for a § 3582(c)(1)(A) sentence reduction, he must have exhausted his administrative remedies,[3] and the Court must find that (1) extraordinary and compelling reasons for a reduction exist, and (2) considering the applicable factors in 18 U.S.C. § 3553(a), those extraordinary and compelling reasons warrant a reduction. 18 U.S.C. § 3582(c)(1)(A). The movant bears the burden of making such a showing, and the Court has discretion to determine whether the defendant satisfied that burden. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021); *Gunn*, 980 F.3d at 1180. The Court must ensure that any reduction complies with U.S.S.G. § 1B1.13.

---

[3] The exhaustion requirement is not jurisdictional and may be waived by the Government. *Gunn*, 980 F.3d at 1179.

### III.  <u>ANALYSIS</u>

Sumpter states that he should be given compassionate release because: (1) he is the father of four children, (2) prison conditions are inadequate, (3) he has rehabilitated, has maintained good conduct in prison, and has plans for employment after prison, (4) the law has changed, and (5) he is at high risk of complications from COVID-19 due to sleep apnea, hypertension, and high cholesterol; none of these reasons are sufficient.

First, the fact that he has four children does not entitle him to compassionate release. To qualify for compassionate release based on family circumstances, Sumpter must show that there is no available caretaker for his children. He does not allege that in his motion. Therefore, he cannot use that as a valid basis for compassionate release.

Second, he claims that prison conditions are inadequate. However, prison conditions are not grounds for compassionate release. If a prisoner's conditions of confinement are unconstitutional, then the prisoner must file a habeas motion pursuant to 18 U.S.C. § 2241 challenging the constitutionality of their custody. Poor prison conditions are not grounds for compassionate release. Thus, he cannot use prison conditions as a valid basis for compassionate release.

Third, he claims he has rehabilitated, has maintained good conduct in prison, and has plans after prison; none of these are sufficient for compassionate release. Rehabilitation is insufficient to demonstrate extraordinary and compelling circumstances. A court may only consider rehabilitation in determining the extent of a reduction. While Sumpter cites an opinion from the Southern District of New York, *United States v. Milam*, 2020 WL 1674058, at *7 (S.D.N.Y. Apr. 6, 2020), that is not the rule in this circuit; the rule in *this* circuit has long been that rehabilitation cannot be used for compassionate release. Good conduct in prison, while

commendable, is not and should not be considered extraordinary and compelling reasons for a reduction. However, even if it were, Sumpter has misrepresented his conduct in prison to the Court. Sumpter was sanctioned twice for assault. Though both of his sanctions date back to 2018, and good conduct is insufficient grounds for compassionate release, his misrepresentation to the Court is unpersuasive.

Fourth, he argues that the law has changed, entitling him to compassionate release. Sumpter fails to point to any changes in law that would qualify him for release. The Sentencing Guidelines explicitly state that changes in law are *not* grounds for compassionate release *unless* a defendant qualifies for an "unusually long sentence" reduction (hereinafter "ULS"). Even if Sumpter could point to a change in law, Sumpter has served less than ten years in prison; therefore, he does not satisfy at least one of the prerequisites for a ULS reduction. As the Guidelines exclude consideration of legal changes outside the scope of ULS reductions, Sumpter fails to demonstrate extraordinary and compelling reasons on these grounds too.

As an aside, the Court is aware of the recent controversy surrounding the addition of ULS reductions to the grounds of compassionate release. The Court will not address that controversy here. Presuming *arguendo* that the Sentencing Commission did not exceed its statutory authority by promulgating the ULS addition, Sumpter does not qualify for compassionate release under that provision. If Sumpter does not qualify under the new policy statement, he certainly fails to qualify if a ULS reduction is ultimately ruled unlawful; under either scheme, the result is the same.

Returning to Sumpter's other reasons for compassionate release, Sumpter lists COVID-19 as grounds for a reduction given his preexisting health condition. Risk of COVID-19 infection is sufficient grounds for compassionate release only when a prisoner establishes that

they are unable to receive the benefit of a vaccine. *United States v. Clemons*, No. 21-2440, 2022 WL 1436801, at *2 (7th Cir. May 6, 2022). Sumpter is already vaccinated against COVID-19 infection; evidently, the risk of COVID-19 infection is not grounds for compassionate release here.

Lastly—even were Sumpter able to establish some extraordinary or compelling reason for release—the § 3553(a) factors weigh against compassionate release. Sumpter's criminal history is extensive. His role in the offense was significant and he has served less than half of his overall sentence. Additionally, Sumpter has demonstrated a lack of candor with this Court by misrepresenting his disciplinary record. Therefore, even if he could establish reasons for compassionate release on one of the aforementioned grounds, the § 3553(a) factors weigh against compassionate release.

## IV.   **CONCLUSION**

Because Sumpter fails to present sufficient grounds for compassionate release and the § 3553(a) factors weigh against a reduction, the Court **DENIES** the Motion for Compassionate Release. (Doc. 618).

**IT IS SO ORDERED.**
**DATED:  June 25, 2024**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**